IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge John L. Kane

Civil Action No. 12-cv-02682-JLK

JAMAL HUNTER,

    Plaintiff,

v.

THE CITY AND COUNTY OF DENVER, a municipality,
DEPUTY GAYNEL RUMER, in his individual and official capacities,
DEPUTY EDWARD KELLER, in his individual and official capacities.

    Defendants.

## ORDER

Kane, J.

    Defendant City and County of Denver has moved to maintain previously court-ordered sealing (restricted access) to documents and court files and to restrict access to inextricably intertwined investigation materials. With the exception of birth dates contained in Documents 53-12, 53-13, 55-12, 55-4 and 74-1, the motion is denied. These birth dates are ordered redacted in these documents in observance of the discretionary provisions of Federal Rule of Civil Procedure 5.2 (a) (2). I find disclosure of these birth dates serves no useful public purpose in advising the public so as to keep a watchful eye on the workings of the court and public agencies and therefore the privacy interest in this limited circumstance outweighs the need to have open judicial proceedings.

    The remainder of the documents now under seal, however, should be made public. This case involves serious and substantial allegations of governmental misconduct. Whether

such allegations are proved is beside the point. That such disclosure involves investigative materials and information does not justify keeping the records and pleadings sealed. Having reviewed these materials, I find there are considerable bases for public access that far outweigh any reputed need to suppress access. The public interest in openness in judicial proceedings is particularly prominent when other branches of government, whether state or federal, are involved. I note especially that the names of individuals are already matters of public record such as those of government employees and those who are incarcerated in public institutions. The blanket sealing of documents and pleadings is not in the public interest and no unnecessary interference with law enforcement activities that are not directly relevant to the merits of the instant litigation is presented.

Dated this 12th day of June, 2014.

BY THE COURT:

*s/John L. Kane*
John L. Kane, Senior Judge
United States District Court