IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge John L. Kane

Civil Action No. **12-cv-2682-JLK**

**JAMAL HUNTER,**

    Plaintiff,

v.

**CITY AND COUNTY OF DENVER,** a municipality,
**Deputy GAYNEL RUMER,** in his individual and official capacities, and
**Deputy EDWARD KELLER,** in his individual and official capacities,

    Defendants.

---

## ORDER

---

Kane, J.

    Yesterday a discovery dispute arose over documents being withheld by the City on grounds of privilege. Counsel appeared and I agreed to review the documents *in camera*. While not asserting these emails were subject to the so-called deliberative process privilege (counsel advised there was no investigation going on at the time the emails were communicated), counsel states the documents discuss findings and facts that might later become part of an investigation. I have reviewed each of the emails and find they are discoverable. I ORDER them to be turned over to plaintiff's counsel without delay.

    I hasten to advise that the deliberative process privilege in this court is governed by federal law rather than state law. It is confined to communications between and among agency personnel containing their opinions, recommendations, and deliberations, *where disclosure to the public would discourage candid discussion within an agency that would undermine its ability to perform its functions*. The burden is on the party claiming the privilege and it is important to

recognize that an essential element of its invocation is to show not only a deliberative process, but also that public disclosure would be detrimental to the agency's ability to perform its functions. The purpose is to prevent injury to the quality of agency decisions. To fall within the privilege, documents must be pre-decisional in nature and must also form a part of the agency's deliberative process. Documents, however, must be produced where the opposing party's or the court's need for the documents outweighs the party's interest in keeping the documents confidential. This latter requirement is on the party asserting greater need.

The deliberative process privilege is a qualified privilege and a litigant can obtain otherwise privileged documents if his need for the materials and/or the need for accurate fact-finding override the agency's interest in nondisclosure. Care must be taken not to confuse the ordinary business of an agency in making investigations of matters pursuant to its mission, which are not covered by the privilege, and matters pertaining to the policies and operations of the agency itself regarding its ability to perform its functions. In other words, the product of an agency is not covered by the privilege, but the process and policies of the agency might be. *See, e.g., Olmsted, v. McNutt*, 183 F.R.D. 386 (D.Colo. 1999). A blanket claim of the deliberative process privilege regarding ordinary law enforcement files does not obtain merely because there is an "ongoing investigation." In any event, a claim must be particularized.

Dated July 15, 2014

s/John L. Kane
SENIOR U.S. DISTRICT JUDGE